# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:19-CR-00014-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| CAMERON ANTONIO VERDELL, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court *sua sponte*. On March 16, 2021, Defendant made his initial appearance before the Court in this case. He is charged with violations of Supervised Release in a Petition dated March 15, 2021 (document #35). The Court had been advised that Defendant was uncooperative and would be in restraints. Assistant Federal Defender J.P. Davis stood in as duty attorney. At the conclusion of the hearing, Marshals were escorting Defendant out of the courtroom. As he walked by the right side of the Judge's bench towards the lockup, he stated angrily "I want to be in front of my judge…I can't stand you fuckers." The Court directed the Marshals to hold the Defendant and advised him that he was being held in summary criminal contempt for his profane and disruptive outburst. The Court asked if Defendant wanted to be heard before imposition of sentence. Mr. Davis requested and was allowed to confer with Defendant. After a brief conference with counsel, Defendant apologized several times for his conduct.

The contempt powers of a United States Magistrate Judge are set forth in 28 U.S.C. § 636(e). Those powers include summary criminal contempt authority in any case before the Magistrate Judge, as well as criminal and civil contempt authority in certain civil consent and

misdemeanor cases. Specifically, a Magistrate Judge's criminal contempt authority includes "the power to punish summarily by fine or imprisonment, or both, such contempt of the authority of such magistrate judge constituting misbehavior of any person in the magistrate judge's presence so as to obstruct the administration of justice." 28 U.S.C. § 636(e)(2). "The sentence imposed by a magistrate judge for any criminal contempt [under 28 U.S.C. § 636(e)(2) & (3)] shall not exceed the penalties for a Class C misdemeanor as set forth in sections 3581(b)(8) and 3571(b)(6) of Title 18." 28 U.S.C. § 636(e)(5). Based upon the maximum penalties for a Class C misdemeanor, any person found guilty of criminal contempt faces up to thirty days imprisonment (18 U.S.C. § 3581(b)(8)) and a $5,000.00 fine (18 U.S.C. § 3571(b)(6)). "The contempt order must recite the facts, be signed by the judge, and filed with the clerk." Fed.R.Crim.P. 42(b).

Defendant's conduct occurred in the Court's presence and constituted misbehavior obstructing the administration of justice. The Court advised Defendant that he was being held in summary criminal contempt for his profane and disruptive outburst. The Court allowed Defendant an opportunity to confer with counsel and to respond.

Based upon the foregoing, the Court finds Defendant guilty of summary criminal contempt in the presence of the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §§ 636(e)(2) and (5). Accordingly, Defendant is committed to the custody of the Attorney General for seven days imprisonment.

The Clerk is directed to send copies of this Order to counsel for the counsel for Defendant, the U.S. Attorney, and to the Honorable Max O. Cogburn, Jr.

**SO ORDERED**.

Signed: March 23, 2021

David S. Cayer
United States Magistrate Judge